UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MAXUM INDEMNITY COMPANY,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:16-cv-00977-RDP |
| **CMR PROPERTIES, et al.,** | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This matter is before the court on the Motion for the Court to Enter Default Judgment against Defendants Dennis H. Williams and Dennis H. Williams d/b/a The Williams Team Remodeling under Fed. R. Civ. P. 55(b)(2), filed by Plaintiff Maxum Indemnity Company ("Plaintiff" or "Maxum") on December 13, 2017. (Doc. # 36). Following the Clerk's Entries of Default against Dennis H. Williams and Dennis H. Williams d/b/a The Williams Team Remodeling (collectively, with Dennis H. Williams, "Williams" or the "Williams Defendants"[1]) on September 2, 2016 (Docs. # 18, 19), Plaintiff now seeks a Rule 55(b) default judgment declaring that there is no insurance coverage for the Williams Defendants for the claims asserted by CMR Properties, Inc. ("CMR Properties") against Williams in an underlying action pending in the Circuit Court of Jefferson County, Alabama. (Doc. # 36). For the reasons outlined below, the Motion (Doc. # 36) is due to be granted.

---

[1] It appears that Dennis H. Williams and The Williams Team Remodeling are the same legal entity. Williams does business in Jefferson County, Alabama under the business name "The Williams Team Remodeling." (Doc. # 1 at ¶ 3).

**I. Background**

    **A. The Underlying State Court Action**

On June 15, 2016, Plaintiff filed a Complaint for Declaratory Judgment against Defendants CMR Properties and the Williams Defendants. (Doc. # 1). In the Complaint, Plaintiff explained that CMR Properties is the plaintiff in an underlying lawsuit in the Circuit Court of Jefferson County, Alabama, against Williams (the "underlying action"). (Doc. # 1-1); *see also CMR Properties, Inc. v. Dennis H. Williams, an individual d/b/a The Williams Team Remodeling*, CV-2016-900828. In the underlying action, CMR alleges that Williams entered into two construction contracts with CMR Properties, and CMR Properties made payments to Williams for work that was never performed. (Docs. # 1 at ¶ 7-10; 1-1). In the state court action, CMR Properties asserts claims against Williams for (1) fraud and misrepresentation, (2) suppression of material facts, (3) deceit, (4) unjust enrichment, (5) breach of contract, and (6) negligence. (Docs. # 1 at ¶ 6; 1-1). Maxum has now asked this court to declare that the Williams Defendants are owed no coverage for the claims asserted by CMR Properties in the underlying action. (Doc. # 1 at ¶ E).

    **B. The Insurance Policy**

Maxum issued a Commercial General Liability Policy Number BDG-3010917-01 to Williams for the policy period of July 17, 2015 to July 17, 2016. (*Id.* at ¶ 16). The insurance policy had exclusions for the insured's knowing violation of rights of another, material published with knowledge of falsity, and breach of contract, among other events. (*Id.* at p. 6-15). Additionally, the insurance policy required that the insured report all claims immediately and provide Maxum notice of a claim "as soon as practicable." (*Id.* at p. 10, 14). Maxum alleges

that Williams has no coverage for the claims asserted by CMR Properties in the underlying action for the following reasons:

 i. Williams did not provide notice of the claims asserted by CMR Properties "as soon as practicable." Maxum received no notice of the disputes with CMR Properties until Maxum received notice that a lawsuit had been filed by CMR Properties through a March 15, 2016 Acord Form.

 ii. Maxum did not receive notice of Williams' efforts to settle CMR Properties' claims, and Williams failed to obtain Maxum's consent prior to these attempts to settle the claims.

 iii. Williams failed to cooperate with Maxum during its investigation of the CMR Properties' claims.

 iv. CMR Properties' claims against Williams do not amount to a covered "occurrence" under the insurance policy.

 v. There is no coverage for CMR Properties' claims under the insurance policy related to coverage for personal and advertising injury in that no covered offense is alleged.

 vi. Even if covered claims were alleged by CMR Properties, exclusions in the policy preclude coverage for the claims.

 vii. There is no coverage for claims related to events that occurred prior to the inception of the policy on July 17, 2015.

(*Id.* at ¶ 17).

### C. The Current Action before this Court

The Williams Defendants were served on June 16, 2016. (Doc. # 7). On June 27, 2016, Plaintiff filed a Motion for Entry of Default against Defendants CMR Properties and the Williams Defendants. (Doc. # 10). Unlike the Williams Defendants, CMR Properties subsequently answered the Complaint and responded in opposition to Plaintiff's Motion for Entry of Default. (Docs. # 12, 14). Accordingly, the court granted Plaintiff's Motion for Entry of Default to the extent that Maxum sought entry of default as to Williams but denied the Motion

for Entry of Default as to CMR Properties. (Doc. # 17). On September 2, 2016, The Clerk of Court issued Entries of Default against the Williams Defendants. (Docs. # 18, 19). To date, Williams has not answered or otherwise appeared in this case.

**II. Analysis**

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1), (2). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. *Id.* at Rule 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Id.* at Rule 54(c). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*,

4

820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[2] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Motion for Default Judgment (Doc. # 36) in this case is properly before the undersigned.

The court finds the requirements of Rule 55(b)(2) are satisfied in this case. The Williams Defendants were duly served with Summons and Complaint on June 16, 2016. (Doc. # 7). A year and half has passed since the Williams Defendants were served, yet they have failed to plead, answer, or otherwise defend against Plaintiff's Complaint. (*Id.*). Furthermore, default was entered against the Williams Defendants by the Clerk of the Court on September 2, 2016. (Docs. # 18, 19). Because the court finds that Williams has defaulted, the well-pleaded allegations of the Complaint are taken as true. *E.g.*, *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The Complaint does not seek money damages, but rather seeks only a declaratory judgment. Because damages are not sought, an evidentiary hearing is unnecessary and the court may adjudicate the matter of default "upon request of the plaintiff." Fed.R.Civ.P. 55(b)(1); *see, e.g.*, *United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). As such,

---

[2] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

5

the court finds that the Williams Defendants have no coverage for the claims asserted by CMR Properties in the underlying action under the terms and conditions of Maxum Policy Number BDG-3010917-01.

## III. Conclusion

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. # 36) is due to be granted. Plaintiff is entitled to a default judgment against the Williams Defendants on its Complaint for declaratory judgment that the Williams Defendants have no available insurance coverage under the Maxum insurance policy at issue for the claims asserted in the underlying action. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 15, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE